JACKSON, *ex dem.* KELLY and OAKLEY, *against*
BELKNAP.

Where, on application of a defendant in eject ment, a demise is ordered to be struck out of the plaintiff's declaration, he must serve a certified copy of the rule for the amendment, on the plaintiff, which shall be deemed an actual amendment, as to all subsequent

AT the last *August* term, on the application of the defendant, one of the demises in the plaintiff's declaration was ordered to be struck out. No notice or copy of the rule was served on the plaintiff; nor was any new declaration delivered by him; but the cause was noticed for trial at the last *Orange* circuit, under the title according to the amendment directed by the court. At the trial, the plaintiff was nonsuited, for not confessing lease, entry and *ouster*.

proceedings on the part of the plaintiff; and the defendant, without a new copy of the declaration being served on him, must enter into the consent rule, and plead in 20 days after service of the certified copy of the rule for the amendment, unless otherwise ordered by the court; and the rule shall be sufficient to authorize an actual amendment of the declaration on file, or to file a new one in its stead, whenever it may become necessary.

NEW-YORK,
Nov. 1810.

JACKSON
v.
BELKNAP.

*Fisk*, for the defendant, now moved to set aside the default. He contended that one of the demises having been struck out, a copy of the amended declaration ought to have been served by the plaintiff. He cited 2 *Caines*, 26. *Anonymous;* and *Holmes* v. *Lansing*, 1 *Johns. Cases*, 248. Where the declaration is amended after plea, the defendant is entitled to an imparlance, and may plead *de novo*.

*Caines*, contra. The 8th rule of *April* term, 1796, applies only to amendments made by a plaintiff; and all the decisions under that rule relate to amendments made by plaintiffs, not to those made by defendants. Amendments are granted on payment of costs. The defendant applied to strike out the demise, and he might have gone to the clerk's office and struck out the count. At least, the defendant ought to have entered a rule for the amendment, and served a copy on the plaintiff's attorney, or have given him notice of it.

*Per Curiam.* The practice to be pursued when a rule for an amendment of this kind is obtained, seems not to be well settled. The defendant in the case before us has interposed no affidavit of merits. The practice being unsettled, if he has any defence, he ought to be let in. We think, therefore, that the proceedings must be stayed until the next term, to give him an opportunity of presenting such an affidavit, if any can be made. But in cases hereafter arising, the practice we adopt is, that the defendant must serve on the plaintiff a certified copy of the rule, which shall be deemed an actual amendment of the declaration, as to all subsequent proceedings on the part of the plaintiff; and the defendant, without being entitled to a new copy of the declaration, must enter into the consent rule, and plead within 20 days after service of a certified copy of the rule for amendment, unless otherwise ordered by the court.

NEW-YORK,
Nov. 1810.

This rule shall be deemed sufficient to authorize an actual amendment of the declaration on file, or to file a new one in its stead, if it shall at any time become necessary.

<div align="right">

Motion granted.