## Case No. 17,148.

### WARD v. ARREDONDO et al.

[1 Paine, 410.] [1]

Circuit Court, D. New York.   April Term, 1825.

JURISDICTION OF FEDERAL COURTS—DIVERSE CITIZENSHIP—NOMINAL PARTIES—REMOVAL OF CAUSES—APPEARANCE.

1. The circuit courts are not deprived of their jurisdiction, where it arises from the citizenship or alienage of parties, by the joining of a mere nominal party, who does not possess the requisite character. But where, in equity, a decree against such party is essential to the relief sought, he is not a mere nominal party.

[Cited in Smith v. Rines, Case No. 13,100; Heriot v. Davis, Id. 6,404; Marshall v. Baltimore & O. R. Co., 16 How. (57 U. S.) 349; Adams v. Douglas Co., Case No. 52; Fields v. Lamb, Id. 4,775; Hatch v. Chicago, R. I. & P. R. Co., Id. 6,204; Sands v. Smith, Id. 12,305; Grover & Baker Sewing-Mach. Co. v. Florence Sewing-Mach Co., 18 Wall. (85 U. S.) 580, 586; Brigham v. Luddington, Case No. 1,874.]

2. Where there are several defendants entitled on appearance, to remove a cause from the state court into a circuit court, some of whom have appeared and others not, those who have appeared cannot alone remove the cause. But this rule is confined to cases, where from the subject matter of the suit, the judgment or decree must be joint.

[Cited in Smith v. Rines, Case No. 13,100; Nesmith v. Calvert, Id. 10,123; Field v. Lownsdale, Id. 4,769; Gard v. Durant, Id. 5,216; Sands v. Smith, Id. 12,305; Florence Sewing-Mach. Co. v. Grover & Baker Sewing-Mach. Co., Id. 4,883; Smith v. McKay, 4 Fed. 354; Prid v. Sebley, 7 Fed. 137.]

[Cited in Bryant v. Rich, 106 Mass. 192. Cited in brief in Cooke v. State Nat. Bank of Boston, 52 N. Y. 112. Cited in Gordon v. Green, 113 Mass. 261; Hadley v. Dunlap, 10 Ohio St. 5.]

3. Defendants can remove the cause or appear in the circuit court at different times, where their appearance is entered at different times in the state court.

4. Where some of the defendants have removed the cause regularly into a circuit court, the others cannot enter an original appearance in such court.

5. The circuit court can remand the cause in case the defendants do not all eventually appear.

[Cited in Field v. Lownsdale, Case No. 4,769; Pond v. Sebley, 7 Fed. 137.]

6. A state court cannot cause an appearance to be entered nunc pro tunc, so as to entertain a motion for removal.

In equity.

C. D. Colden and C. Graham, for plaintiff.
H. D. Sedgwick and R. Sedgwick, for defendants.

---

[1] [Reported by Elijah Paine, Jr., Esq.]

THOMPSON, Circuit Justice. This is a motion, that the appearance of Fernando Arredondo, one of the defendants, be entered in this court, for the purpose of removing the cause from the state court, where it was commenced, pursuant to the act of congress in such case made and provided. A brief statement of the situation of the cause is necessary to a right understanding of the questions that are presented for consideration. A bill in equity was filed by Ward, a citizen of the state of New-York, against the Arredondos, who are aliens, and Thomas, who is a citizen of the state of New-York, for the specific performance of a contract between the Arredondos and Ward, for the conveyance by them of a certain tract of land in Florida, under and by virtue of a contract which had been entered into between the parties, for the sale and purchase of the land in question, a deed for which had been duly executed by the Arredondos, and sent to Thomas for delivery, with certain instructions which will be noticed hereafter. The main object of the bill, was to compel a delivery of the deed to Ward, and to restrain Thomas from returning the same to the Arredondos, until the merits of the suit between them and Ward should be determined. Thomas appeared in the state court, and answered the bill.

One of the Arredondos has heretofore appeared in the state court, and petitioned for a removal of the cause into this court, and his appearance has been duly entered here. We lay out of view the objection urged on the argument, that the cause was not in the state circuit court when his appearance was entered, and the petition to remove the cause into this court was filed. It is alleged that the cause had been removed from that court into the court of chancery by appeal, and had not been remitted to the state circuit court, at the time the appearance was entered. We assume for the purpose of the present motion, that the cause was regularly in the state circuit court, and that the appearance of one of the Arredondos was duly entered there.

Under this state of the case, the questions presented for consideration, are: 1st. Whether, as Ward the complainant and Thomas one of the defendants, are both citizens of New-York, the cause can be removed into this court. 2ndly. As to the practice of removing causes from the state courts, when there are several defendants, and their appearance in the state court is entered at different times.

It is a well settled rule, and indeed has not been denied by the defendants' counsel, that when the jurisdiction of this court depends on the character of the parties, and such party, either plaintiff or defendant, consists of a number of individuals, each one must be competent to sue in the courts of the United States, or jurisdiction cannot be entertained. This is the general rule; the exceptions will be noticed hereafter. 3 Cranch [7 U. S.] 267. And under this rule, this court, prima facie, cannot take jurisdiction of this cause: for

Thomas, one of the defendants, is a citizen of the same state with the complainant. It is very evident that Ward could not originally have filed his bill in this court, against Thomas as one of the defendants, and it would seem to follow as a necessary consequence, that if jurisdiction could not be entertained directly, it ought not to be acquired indirectly. But it is said that Thomas is only a nominal party, and that the jurisdiction of this court cannot be taken away in such case. If the fact be so, that he is a mere nominal party, there is no doubt it would not deprive this court of jurisdiction. It has been so decided by the supreme court in the case of Brown v. Strode, 5 Cranch [9 U. S.] 303, and in Wormly v. Wormly, 8 Wheat. [21 U. S.] 451. In such cases the jurisdiction of the court, depending upon the question whether the individual who is prima facie, incompetent to appear in the courts of the United States, is a real and substantial, or only a nominal party, this court must of necessity go so far into the merits of the case as to enable it to decide that question. Is Thomas then a nominal party only, in the sense in which that rule is to be understood? And we think he is not; but that he is a real, and an indispensable party to the decision and final determination of the merits of this case. From the allegations in the bill, and the answers of Thomas, it appears that the deed for the land in question has been executed by the Arredondos, and placed in the hands of Thomas for delivery to Ward, upon his paying a sum of money, the amount not ascertained with certainty. The allegation in the bill is, that five thousand dollars, which was more than the balance due, had been tendered to Thomas, and the deed demanded. The answer of Thomas admits, that he was authorized by the Arredondos to deliver the deed upon the receipt of such sum (in addition to a balance of principal of about five thousand dollars, remaining due upon the contract) as he (Thomas) might think proper. He also admits the tender of the five thousand dollars; but that he demanded fifteen thousand dollars before he would deliver the deed. Thomas then, according to his admissions, held this deed in trust, with a discretionary power to deliver it upon the payment of such sum as he should demand over and above five thousand dollars. The five thousand dollars was duly tendered, but he chose to demand ten thousand dollars more. He assumed then either arbitrarily or upon his construction of the contract, to claim ten thousand dollars more than was admitted by the complainant to be due, and of course made himself, to a certain extent, a party to the merits of the question. And it was competent to the court of chancery to say, whether, upon examination, he had abused his trust, and demanded that, for which there was no colour, or to have decreed a delivery of the deed upon payment of such sum as should be found justly due, or to have dismissed the bill, according as it should find the merits of the case on ex-

amination. But he was an essential party to enable the complainant to obtain the relief sought, viz.: a title for the land. Thomas in his answer admits, that Ward had paid upwards of thirty-five thousand dollars upon the contract. Under the circumstances of this case, the very essence of the relief is to be obtained only by a decree against Thomas, to deliver the deed.

In the case of Wormly v. Wormly [supra], the criterion by which it was determined whether a party was nominal or not, was whether a decree against him was sought. The court said it would not suffer its jurisdiction to be ousted by the mere joinder or non-joinder of formal parties, but will proceed without them, and decide upon the merits of the case between the parties who have the real interest before it, whenever it can be done without prejudice to the rights of others. Thomas, we think, is not a mere formal party, but that a decree against him is essential to the relief claimed, if the complainant is entitled to it. Whether he is or not, is a question upon which we give no opinion.

This view of the case leads to a denial of the motion, and remanding the cause to the state court, and renders it unnecessary to express any opinion upon the second point. But as it is in a great measure a question of practice, and may be applicable to other cases, it may not be amiss to express our present impressions on the point. The state court had unquestionably jurisdiction of the cause. The complainant had, therefore, a right to go there for relief, and indeed in this case he must have commenced his suit in the state court. But the present question is, supposing the Arredondos, both aliens, were the only defendants, one having appeared in the state court, and the other not; can the one who has appeared remove the cause and give the circuit court of the United States jurisdiction upon the merits? And we are inclined to think he cannot. We would be understood, however, as confining this rule to cases where from the subject matter of the suit the judgment or decree must be joint. There may be cases in equity where the several parties represent distinct interests, so that separate decrees may be made, where possibly some of the parties may take the cause into the circuit court, and others remain in the state court; but it ought even in such cases to be a very strong and palpable case of separate and distinct interests to sanction such a course. There is nothing disclosed in this case to bring it within any such rule. The interest is fairly to be presumed joint; and the cause must come entire or not at all into this court, before the merits can be decided. Can then one of the alien defendants compel his co-defendant to follow him into this court against his will? We put the case thus strongly in order to test the principle. And we cannot discover any satisfactory ground upon which such a doctrine can be sustained. The judiciary act considers the removal of the cause as the volun-

tary act of the party, and on his petition. By the word "party," as here used, must necessarily be understood the defendant, embracing all the individuals, be they more or less, constituting such party.

This application to remove the cause must be made at the time of entering the appearance in the state court. But there is nothing that makes it necessary, that such application should be made by all the defendants at the same time. This court is not possessed of the cause so as to proceed therein until all the defendants come here. But when the appearance in the state court shall be at different times by different defendants, there can be no objection to their appearance being entered in this court at different times; and indeed such a construction of the act is indispensable, as the application for the removal must be made on entering the appearance in the state court; and when the defendants are numerous, they may in suits, both at law and in equity, be brought into the state court at different times; and that court cannot cause the appearance then to be entered nunc pro tunc, so as to entertain the motion to remove the cause, after all the defendants are brought into court. Gibson v. Johnson [Case No. 5,-397]. But if all the defendants should not petition to have the cause removed into this court, so as to enable it to proceed, the cause may be remanded to the state court, so as to give it possession of the whole case. 4 Cranch [8 U. S.] 421. An original appearance of some of the defendants, cannot be entered in this court. The cause having been regularly commenced in the state court, cannot be removed therefrom except in the mode prescribed by the act of congress: the appearance must first be entered in the state court, and the security then given, to enter the appearance in this court; and then the state court is prohibited from proceeding any further in the cause. But until then it may proceed, and the effect might be in some cases, that proceedings would be going on at the same time, in the same cause, in both courts. And this court is not authorized to take cognizance of the cause, unless removed in the manner pointed out by the act.