614, 624, to the points stated as above. Nowhere more fully reported; opinion not now accessible.]

## Case No. 5,567.

### GOODYEAR v. DAY.

### Circuit Court, D. New Jersey. 1850.

PROVINCE OF JURY — FRAUD — GENERAL ISSUE—PLEADINGS—IMMATERIAL ISSUE — PATENTS—EXCLUSIVE LICENSE — SUIT FOR TARIFF — DEFENSES.

1. The jury must find the issues as presented, and assess the damages for the breach, if any, of the thing alleged. It makes no difference that it is an immaterial issue.

2. Where fraud is charged upon a party, in respect to his patent, it must be made out, at least prima facie.

3. Under a plea of the general issue, evidence may be introduced to show fraud or fraudulent representations on the part of the plaintiff as to the subject matter of the suit.

4. Where a patentee, G., gave to a person, D., an exclusive right or license to use his, G.'s, patented invention, for a certain consideration or tariff, G. agreeing, however, to take up and cancel all other licenses granted by him, and there being a covenant between G. and D., that in the event of others claiming grants and using such invention, and thereby impairing the profits which would accrue to D., that then such tariff would cease, *held*, in an action of covenant for non-payment of such tariff and other non-compliances, that it was a good defence that others used the invention and impaired the right of D., and that it was of no consequence whether G. was unable to restrain other parties from such use, or whether it was to his advantage or not to do so.

5. If a party, by his pleading, tender an immaterial issue, the jury must find the issue as presented, and assess damages for the breach, if any, of the thing alleged. It makes no difference that it is an immaterial issue.

Before GRIER, Circuit Justice.

[Cited in Law, Pat. Dig. 235, 339, 342, 468, 589, to the points stated as above. Nowhere more fully reported; opinion not now accessible.]

## Case No. 5,568.

### GOODYEAR v. DAY.

[1 Blatchf. 565; [1] 1 Fish. Pat. Rep. 385.]

### Circuit Court, S. D. New York. Oct. Term, 1850.

COURTS—JURISDICTION—CITIZENSHIP.

A citizen of Connecticut brought a suit in equity in this court against a citizen of New Jersey, for a breach of contract, and prayed an account: *Held*, that this court had no jurisdiction of the case, neither party being a citizen of New-York, although the subject matter of the contract was a patent.

[Cited in Goodyear v. Union India Rubber Co., Case No. 5,586; Blanchard v. Sprague, Id. 1,516; Randolph v. Robinson, Id. 11,561; Consolidated Fruit Jar Co. v. Whitney, Id. 3,133; Teas v. Albright, 13 Fed. 412.]

[Cited in Slemmer's Appeal, 58 Pa. St. 164; Middlebrook v. Broadbent, 47 N. Y. 448.]

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

In equity. The bill in this case was founded upon a special agreement entered into between the plaintiff [Charles Goodyear] and the defendant [Horace H. Day] on the 29th of October, 1846, adjusting several suits pending between them concerning patent-rights claimed by the plaintiff relative to the manufacture of India-rubber. It charged a breach of the agreement, and prayed an account, &c. The plaintiff now moved for an injunction. The facts appear by the opinion of the court.

F. B. Staples, for complainant.

George Sullivan, for defendant.

NELSON, Circuit Justice. The plaintiff is a citizen of Connecticut, and the defendant a citizen of New-Jersey, as appears upon the face of the bill; and an objection has been taken to the jurisdiction of the court for the want of proper parties. The objection is undoubtedly fatal, as, in order to give jurisdiction, the suit must be between a citizen of the state in which it is brought, and a citizen of another state. Judiciary act of 1789, § 11 (1 Stat. 78). Here neither party is a citizen of New-York, where the suit is brought.

It was attempted to sustain the jurisdiction on the ground that the suit was brought under the patent act [of 1836 (5 Stat. 117)], where jurisdiction depends on the subject matter, without reference to citizenship or residence; and that the gravamen laid was the infringement of patent-rights. But there is no foundation for this position. The bill is not constructed for the purpose of presenting a question of the infringement of a patent; but is brought for the violation of a contract. We can regard it in no other light. Motion denied.

## Case No. 5,569.

### GOODYEAR v. DAY.

[2 Wall. Jr. 283; Merw. Pat. Inv. 655.] [1]

### Circuit Court, D. New Jersey. Sept. 28, 1852.

PATENTS—PERPETUAL INJUNCTION—SENDING CASE TO JURY—WHO ENTITLED TO PATENT—REDUCING SPECULATION TO PRACTICE.

1. Where a court of equity, having heard a case on full proofs, is well satisfied of the originality of an invention, the regularity of a patent, and of the fact of infringement, it will not send the case to a jury to have its verdict prior to granting a perpetual injunction. It will grant it at once, especially if the questions in the case, though questions of fact, are of that kind that a court can decide them on the testimony of men of science, as well as, or better than a jury; and where a jury trial would be long, costly or troublesome.

[Cited in Buchanan v. Howland, Case No. 2,074; Roberts v. Reed Torpedo Co., Id. 11,910; McMillin v. Barclay, Id. 8,902; Wise v. Grand Ave. Ry. Co., 33 Fed. 278.]

---

[1] [Reported by John William Wallace, Esq. Merw. Pat. Inv. 655, contains only a partial report.]