DENNISTON *a.* THE NEW YORK & NEW HAVEN RAILROAD COMPANY.

*New York Common Pleas ; Special Term, November,* 1855.

JURISDICTION OF FEDERAL COURTS.—REMOVAL OF CASES FROM STATE COURTS.

Where three aliens and one citizen of the State of New York, brought, in one of the courts of that State, a suit against a Connecticut corporation, upon a claim in which they had a united interest,—*Held*, that the defendants were not entitled, under § 12 of the Federal Judiciary Act of 1789, to have the cause removed to the United States Circuit Court.

Motion, that this cause be removed to the United States Circuit Court for this District.

The grounds of the motion appear in the opinion.

*Wm. Curtis Noyes*, for the motion.

*F. B. Cutting*, opposed.

DALY, J.—This is an application on the part of the defendant for an order directing the cause to be removed to the United States Circuit Court for the District. The petition alleges that the defendants are a corporation, created and existing under a law of the State of Connecticut, in which State the Railroad is in part situated, and the business carried on ; and that such corporation is, within the twelfth section of the Judiciary act of the United States, a citizen of the State

of Connecticut; and they further allege, upon information and belief, that the plaintiffs are citizens and residents of the State of New York. In answer to the application, the plaintiffs set up and show by affidavit, that three of the plaintiffs, Alexander Denniston, John Denniston, and William Cross, are aliens, being subjects of the Queen of Great Britain, in which Kingdom they now reside, and they further show, that the summons and complaint in this action were served, in conformity with the statute of the State, upon the treasurer of the Company.

Under the Judiciary Act of 1789, the Circuit Courts of the United States have concurrent jurisdiction with the State Courts, when the matter in dispute exceeds five hundred dollars, when an alien is a party, and when the suit is between a citizen of the State where the suit is brought and a citizen of another State; and by the twelfth section of that act "if a suit be commenced in any State Court *against an alien*, or by a citizen of the State in which the suit is brought against a citizen of another State," it may be removed for trial into the next Circuit Court of the United States to be held in the District where the suit is pending. This is not a suit against an alien, but a suit brought by four plaintiffs—three of whom are aliens, and one a citizen of the State—against a Corporation originally created by the laws of the State of Connecticut, and doing business in that State; and the question to be determined is, whether, within the twelfth section of the act referred to, it is a suit commenced by a citizen of this State against a citizen of another State.

It has been held by the Courts of the United States that, within the meaning of the Judiciary Act, a corporation is a citizen of the State where it is created or doing business. Rimple *v.* Delaware & Raritan Canal Company, 14 *How. U. S.* 80; Salmon Falls Manufacturing Company *v.* Goddard, *Ib.* 446; Philadelphia and Reading Railroad Company *v.* Derby, *Ib.* 468; Marshal *v.* Baltimore & Ohio Railroad Company, 16 *Ib.* 314.) Within the meaning of the act, therefore, the New York & New Haven Railroad Company is a citizen of the State of Connecticut. But it is insisted that, by an act of the legislature of the State of New York, (*Laws of* 1846, 231), it is also a citizen of this State, and that, such

being the fact, the courts of the United States have no juris-
diction—the suit being between plaintiffs, one of whom is a
citizen of this State, and a corporation also a citizen of this
State. The act of the legislature of this State is not an act
creating the defendants a corporation, but an act which recog-
nizes them as a corporation already created, and existing by
the laws of the State of Connecticut, and granting them, as
such existing corporation, certain rights and privileges in this
State. The act recites their previous incorporation by an act
of the legislature of the State of Connecticut, and authorizes
them to extend and continue their road through a part of this
State, with liberty, for that purpose, to purchase and hold real
estate, which privileges are granted upon certain conditions,
and subject to certain liabilities. The personality of the de-
fendants, therefore, as a citizen, within the meaning of the
Judiciary Act of the United States, was established and fixed
by the act of the State of Connecticut, which first gave them
their corporate being, and, for the purposes of this motion,
they must be regarded and treated as a citizen of that State.
The question, therefore, again recurs, whether the fact that
one of the plaintiffs is a citizen of this State makes this a suit
between a citizen of the State where the suit is brought and
a citizen of another State, so as to authorize its removal into
the court of the United States.

In Strawbridge v. Curtiss (3 *Cranch*, 267), Marshall, C. J.
held that each distinct interest should be represented by per-
sons, all of whom are entitled to sue or may be sued in the
Federal Courts ; that is, when the interest is joint, "each of
the persons concerned in that interest must be competent to
sue or liable to be sued in the courts of the United States."
Here the interest on the part of the plaintiff is represented by
four persons, one of whom is a citizen of the State and three
of whom are aliens.

In respect to alienage, it has been held that the Courts of
the United States have not jurisdiction of suits between aliens,
but only when an alien or aliens constitute one party and a
citizen or citizens the other. (Mossman *v.* Higginson, 4 *Dal-
las*, 12 ; Montalet v. Murray, 4 *Cranch*, 46 ; Hodgson v. Bour-
bank, 5 *Ib*. 303 ; Ward v. Aredoudo, 1 *Paine*, 410), that is, a

Denniston *a.* The New York & New Haven Railroad Company.

suit may be brought by an alien plaintiff against a defendant who is a citizen (Chippendale *v.* Dechenany, 4 *Cranch*, 306), and *vice versa* by a plaintiff who is a citizen against an alien defendant. In this case the three alien plaintiffs might sue the Railroad Company, the corporation being, for the purpose of determining the jurisdiction of the United States Court, a citizen, and the other plaintiff as a citizen of this State might sue them as a citizen of another State. Each of the parties, plaintiffs and defendants, possessing, under the construction given to this act by Chief Justice Marshall, the requisite qualifications to sue or be sued in the courts of the United States. It is insisted, therefore, that the Circuit Court of this District has jurisdiction of a suit like this brought against a citizen of another State, by plaintiffs, one of whom is a citizen of this State and the others aliens, and that such being the fact, the right of removal exists. But it does not follow, because the Circuit Court would have had jurisdiction of a suit if it had been originally brought there, that the defendants have a right to remove it there. An alien plaintiff may sue a citizen in the courts of the United States, but if he thinks proper to bring his suit in a State Court, there is no authority for removing it. The right to remove is derived exclusively from the twelfth section of the act, and it makes no provision for such a case. That section provides only for two cases.

1. When the suit is *against* an alien.

2. When a suit is between a citizen of the State where the suit is brought, and a citizen of another State. A suit by an alien plaintiff is not embraced under either head.

Neither does the present suit come within either of the two cases in which a right to remove is given by this section. It is not a suit against an alien, but a suit brought by aliens conjointly with a citizen, and the fact that one of the plaintiffs is a citizen of the State does not make it a suit brought by a citizen of the State. He does not bring the suit, for, having but a joint interest, he could not bring it alone. The suit is brought by the four plaintiffs who represent the united interest. It is not brought by him but by them, and as they are not severally citizens, a suit brought by them unitedly is not a suit between a citizen of the State and a citizen of another State. The motion must therefore be denied.