Scott, J.
This suit was commenced by a bill in chancery, filed in the court of common pleas of Clinton county, by John Hadley :and William Pjde for themselves and on behalf of more than one hundred other persons, all claiming to be owners, and in possession •of several parts of three surveys of land in said county, Nos. 2,227, 2,245, and 2,246, which surveys were made in the name of'one William JBoyce, since deceased, and to whom the said lands were, sub■sequently, regularly patented. Boyce was a resident of Kentucky, where ho died in 1812, having, by will, devised said lands to his ■children.
This bill is filed against such of the devisees as are still living, .and the heirs of those since deceased, all of whom reside in Kentucky. Said devisees and heirs, or a portion of them, recovered a judgment against the complainants in 1851, in the circuit court of the United States for the district of Ohio, in an action of ejectment, for an undivided part of said surveys.
The complainants, for themselves and those whom they represent, •claim that they have, severally, a good equitable title, at least, to the several parts of said surveys which they have respectively in possession, in virtue of certain sales and conveyances made by the ■executors of William Boyce, in pursuance of a power conferred by his will; and the objects and prayer of the bill are to quiet their several titles, to obtain releases from said devisees and heirs of all their claim of title to the promises in controversy; and to *ro■strain said devisees from all further proceedings at law in said action of ejectment.
One William D. Tong, a citizen of Ohio, heretofore held a portion •of said promises, by. a title similar to that of complainants ; and in favor of one or more of the complainants, the bill sets up an equitable title to this portion of the land, by virtue of a title-bond from ‘Tong, and full payment made to him, according to the terms of their •contract of purchase.
The bill alleges that Tong refuses to unite, as one of the com *3 plainants, in seeking the relief prayed for, and he is therefore made a, party defendant; but no relief is specially asked for, as against him.
The non-resident defendants applied to the court of common pleas,' at the appearance term, for the removal of the cause for trial do the circuit court of the United States for the district of Ohio. A petition was filed and bond given as required by act of Congress; but the application was overruled by the court.
The defendants thereupon filed their answer, reserving their right to remove the cause for trial into the federal court, claiming the benefit of a demurrer to the complainants’ bill, and further answering to the merits.
Tong filed a separate answer, denying the right of the complain.ants to a decree against him.
The court, upon hearing, found the equity of the case with complainants, and decreed that the defendants should release all their claim of title in the premises to complainants. The decree is silent as to the Tong branch of the ease.
The non-resident defendants appealed to the district court, where they filed another petition to remove the cause to the circuit court for trial.
The complainants, at the same time, moved the court for leave to .amend their bill, and submitted, in writing, their proposed amendment ; and thereupon the court reserved the cause, including these respective motions, and *the demurrer to the bill, for the de■cisión of this court; and the case is now submitted to us, by the parties, on the preliminary questions of jurisdiction, raised by the application of the defendants for the removal of the cause to the circuit court.
It is conceded by the counsel for complainants “that if the application was made in due time, by the proper parties, in proper form, although overruled by the court below, it would bo within the power of this court, at this stage of the ease, to certify it to the circuit court, if it shall appear that the court of common pleas, when the application was originally made, ought to have certified it.”
It is thus conceded, and we think properly, that the defendants by proceeding in the cause, under protest, after their application for its removal had been overruled, have not waived, or in any way lost the right which they might otherwise have had to decline the jurisdiction of the state court. On the question of jurisdiction, we are *4 therefore to inquire whether the application for the removal of the cause was properly or improperly overruled by the court of common pleas.
The right of a defendant or defendants, against whom a suit is prosecuted in a state court, to have the same certified to the circuit court of the United States, is given by the 12th section of the judiciary act of 1789. 1 U. S. Stat. at Large 73.
It enacts, “ that if a suit be commenced in any state court against an alien, or by a citizen of the state in which the suit is brought againsa citizen of another state, and the matter in dispute exceeds theaforei' said sum or value of five hundred dollars, to be made to appear,” etc., “ and the defendant shall, at the time of entering his appearance in such state court, file a petition for the removal of the cause-for trial into the next circuit court, to be held in the district where,” etc.; “ and offer good and sufficient surety for his entering in such-court, on the first day of its next session, copies of said process against him, and also for his ^appearing,” etc., “ it shall then be the duty of the state court to accept the surety, and proceed no' further in the cause.” 1
The material thing to be noticed in this provision, so far as concerns the present case, has relation to the character or citizenship-of the parties. To entitle the defendant to the benefit of this provision, it must appear that the suit is prosecuted “by a citizen of the state in which it is brought;” also, that it is prosecuted against “a citizen of another state.”
The general pi'ineiple which determines the question of federal, jurisdiction, so far as it depends on the citizenship of the parties, is, that all the parties uniting as plaintiffs, in a suit to be prosecuted' in the federal court, must be citizens of a state or states other than that in which the federal court is holdon. And in giving a construction to the section under consideration, it has uniformly been, held, in accordance with this principle, that the defendants, in a-. suit prosecuted in the state court, can only invoke the jurisdiction of the federal court in the case, under the same circumstances which would entitle them to join as plaintiffs in commencing an action in the federal court. Accordingly, where the plaintiffs wore citizens -of the state in which the suit was brought, and one of the three defendants was also a citizen of the same state, it was hold that the suit could not be removed, although the other two defendants were aliens. Ward v. Arredondo, 1 Paine, 410; Conkling’s Treatise, 175.
*5 But this general rule is subject to limitation and exceptions. In the case of Ward v. Arredondo, just cited, it was held to apply only to those cases where, from the subject-matter of the suit, the judg- ' ment or decree must be joint, or where a decree against the resident defendant is essential to the relief sought. The federal court is not deprived of jurisdiction, by the fact that the plaintiffs are citizens of the state in which it is holden, if it appear that such plaintiffs are only nominal parties for the use of an *alien. Brown v. Strode, 5 Cranch, 303. And in Wormley v. Wormley, 8 Wheat. 451, it was held that the joinder of a nominal defendant who was wanting in the requisite character, would not oust the jurisdiction of the court. In this case it was said by M.r. Justice Story: “ This court will not suffer its jurisdiction to be ousted by the mere joinder or non-joinder of formal parties; but will rather proceed without them, and decide upon the merits of the case between the parties who have the real interests before it, whenever it can be done without prejudice to the rights of others.” And so in Livingston v. Gibbons, 4 Johns. Ch. 94, it was held that where one of two defendants is a citizen of another state, and there is no joint trust, interest, duty, or concern in the subject-matter of controversy, he may be allowed to appear and defend alone, so as to enable him to remove the cause into the circuit court of the United States. In this ease it was said by Chancellor Kent: “It ought not to be in the power of a plaintiff to deprive a citizen of another state of his right and privilege to remove the cause, by merely joining with Rim another defendant, who can not, or who will not, unite in the application.”
Indeed, it must be conceded that this right of removal would be & mere nominal one, if a party defendant may be deprived of it at the pleasure of the plaintiff, by his joining a mere formal or unnecessary party as a defendant in the cause. This would completely defeat the constitutional right which the section under consideration was intended to secure.
The principal defendants in this case are citizens of Kentucky, and no question is made as to their having complied with all the requirements of the act of Congress, and at the proper time. But it is claimed that the right to remove the causo from the state court could not be exercised in this case, because Tong, their co-defendant, is a citizen of Ohio, and therefore can not join with them in the application.
*6 *This objection makes it necessary to look into the bill, and, supposing its allegations to be true, to ascertain what position Tong occupies in the case. Is he a formal or unnecessary party, or is his presence in the case essential to the relief which the complainants as!-: ?
The complainants allege in their bill that Tong, by the terms of the title-bond, under which some of them claim an equitable title to a portion of the lands in controversy, is bound to convey such portion of the premises, by deed, with covenants of general warranty, which he refuses to do, although willing to convey by deed without such covenants of warranty. It would seem from the bill, that the only question in controversy between the complainants- and Tong is whether he shall convey with or without covenants of warranty. In this question the non-resident defendants do not appear to have any conceivable interest. Its determination can in nowise affect the equitable right of the complainants to the relief which they seek from the other defendants. The bill shows that Tong claims no equitable interest in the lands, and that he is willing to convey whatever title he has to complainants, and that he is-interposing no objection to the relief which is sought from the other defendants. So far, then, as this relief is concerned, Tong is shown to have no interest in common with the other defendants. It can not be essential to the relief sought from these defendants, that Tong should be decreed to convoy by deed with covenants of general warranty, even if the bill contained such a prayer, which it does not. And in so far as the facts stated would show that the-complainants are entitled to relief as against Tong, the non-resident defendants have no interest in the question.
If the fact that some of the complainants derive their equitable title to part of the premises from or through Tong is sufficient to make him a necessary party, then all the .intervening grantors in the complainants’ chain of title, from the executors of William Boyce down to the *present complainants, are also necessary parties. But the bill concedes that they are not such, by bringing in none of them save Tong.
In no aspect of the case, then, can we regard Tong, standing thus disconnected from the other defendants, on the face of the bill, as a necessary party, who must be in court before the relief sought against the other defendants can be granted. And his improper joinder, in relation to a subject-matter of complaint, in which they *7 have no joint interest or concern with him, can not, as we think, deprive them of the rights incident to their foreign citizenship. The case, in our judgment, falls within the recognized exceptions to the general rule; and the court of common pleas should therefore have certified the case to the circuit court, upon the application of the non-resident defendants.
Can this court now correct the error of the court of common pleas, and so far entertain jurisdiction in the case as to order it to be thus certified, upon the renewed application of the defendants to the district court?
It has been held by the Supreme Court of the United States that where an application is made, in proper form, to a state court, for the removal of the cause, and the facts are such as to bring the ease within the provisions of the act of Congress, it is the duty of the state court “to proceed no further in the cause; ” and that every step subsequently taken in the exercise of jurisdiction in the caséis coram non judice. Gordon v. Longest, 16 Peters, 97. If we are-to understand from this expression that where a state court erroneously declines to certify a cause, and proceeds to trial and final judgment therein, such judgment is not merely voidable for error, but absolutely void for want of jurisdiction, it would seem to follow that no attempted appeal from such void judgment could confer jurisdiction on the district court, and for want thereof, we would only direct the case to be stricken from the docket. Such an order would not only nullify the judgment of the *state court, but also prevent the case from being certified to the court having jurisdiction, and thus greatly embarass the parties. But as the court of common pleas had unquestioned jurisdiction, both of the parties, and the subject-matter of this controversy, prior to and at the time-when the defendants moved the court that it might be certified to the proper federal court, we do not think that an error of judgment in overruling this motion could oust the jurisdiction of the court. Pull jurisdiction having once attached, must be held to continue until the case is disposed of, either by certificate or final judgment or decree, however erroneously it may have been exercised. Indeed, as the state courts do not derive their powers and jurisdiction from the federal government, the authority of Congress to impose duties upon such courts, or otherwise to act directly upon them, may well be questioned.
But, we have no doubt that the constitution of the United States *8 gives, to either party, under the circumstances of this case, the right to a trial in the federal courts, and its removal from a state court by certificate, is perhaps the most convenient and proper mode of effecting a transfer of the case. Long and uniform usage lias so settled the practice in this state.
The defendants’ motion for a removal of the cause having been renewed in the district court, it becomes our duty to order the case to be certified accordingly.
Brinkerhoee, C. J., and Sutliee, Peck, and Gholson, JL, concurred.