## COUNTY OF ·PROVIDENCE, MARCH TERM, 1860, AT PROVIDENCE.

---

PRESENT:

HON. SAMUEL AMES, CHIEF JUSTICE.
HON. GEORGE A. BRAYTON, } JUSTICES.
HON. ALFRED BOSWORTH,

---

## CHARLES T. JAMES & WIFE v. THURSTON, GARDNER & CO.

Upon a petition for the removal of a cause from a state court to a court of the United States, the former has no discretion to refuse *one entitled* to the jurisdiction invoked; but a judicial discretion merely to decide and declare whether the petitioner is thus entitled.

A party plaintiff, who although not indispensable to the maintenance of a bill in equity, is nevertheless entitled upon the face of the bill to a decree, cannot, for the purpose of removal, be regarded as no party to the bill; the criterion of a mere nominal party, for such purpose, being, whether the party is entitled or subject to a decree; and therefore, where such a party was co-plaintiff with others, but not, like them, a citizen of the state in whose court the suit was brought, his presence was held fatal to a petition by the defendants for the removal of the cause into a circuit court of the United States, although, but for this objection, they would have been entitled to remove it.

PETITION to remove a bill in equity, filed by the respondents against the petitioners and Thomas A. Jenckes, from this court, to the circuit court of the United States for the Rhode Island district.

At the hearing it appeared, that the respondents were execu-

tion creditors of the petitioner, Charles T. James, who had attached on their writ, and levied their execution upon, certain real estate formerly belonging to James, but now standing in the name of the other petitioner, his wife, which real estate had been purchased in by Henry W. Gardner, one of the respondents, for the benefit of the firm, at the sheriff's sale under the levy. Having thus acquired James's title to the estate, the respondents, consisting of Robert L. Thurston, Henry W. Gardner, and Gideon G. Hicks, citizens of Rhode Island, and Alfred R. Fiske, a citizen of Pennsylvania, filed the above bill against James and his wife, citizens of New York, Alexander Duncan, a mortgagee of the estate under a mortgage of admitted validity executed prior to the attachment, who was a citizen of Rhode Island, and Thomas A. Jenckes, alleged in the bill to be a mortgagee of the estate since the attachment, and who was a citizen of Rhode Island, charging, in substance, that Mrs. James's title to the estate was acquired by her husband's means, and in secret trust for him, and, as well as Jenckes's mortgage, was now set up in fraud of James's creditors, — he being greatly insolvent; and praying, that the court would declare this trust, and establish against it and the mortgage to Jenckes, their title under the sheriff's deed, or, in some way subject the estate to the payment of their judgment.

To this bill, the respondent, Jenckes, had made answer admitting that James and his wife had executed to him such a mortgage as was alleged in the bill, but disclaiming all interest in the mortgage, or in the subject of the suit at the time when the bill was filed; and alleged, that long anterior to the suit, he had assigned his mortgage to one Horace H. Day, who, at the time of the filing of the bill, was the exclusive owner thereof and of the debt secured thereby. No exceptions were taken to this answer or replication filed thereto, and the time for either had, under the rules of the court, long since passed.

In this state of things, James and his wife, at the time of entering their appearance to the bill, now filed this petition for its removal to the circuit court of the United States for the Rhode Island district, offering the usual bond with sufficient surety.

*T. A. Jenckes,* for the petitioner.

The question is within the exclusive jurisdiction of the courts of the United States, and must be governed by its decisions. *Kanouse* v. *Martin,* 14 How. 23; *Gordon* v. *Longest,* 16 Pet. 97. The co-defendant Jenckes, having disclaimed all interest in the subject of controversy, his joinder as a defendant cannot affect the right of his co-defendants to the jurisdiction invoked by their petition. *Head* v. *Vattier,* 1 McLean's Rep. 110; *Same* v. *Same,* 7 Peters, 252, 262. His joinder cannot affect the jurisdiction, since it was wholly unnecessary to join him, and no decree can be had against him. *Livermore et al.* v. *Jenckes et al.,* 11 Howard (N. Y.) Pract. Rep. 479. Day, the assignee of the mortgage, who is a citizen of New York, can be made a party, without disturbing the jurisdiction invoked. *Smith et al.* v. *Kernochan,* 7 How. 198, 215, 216. The bill discloses that Gardner, the purchaser at the sheriff's sale, is the sole necessary party plaintiff; and the other parties plaintiff, his *cestuis,* being unnecessary, should, for the purpose of removal, be treated as if no parties to the bill.

*Thurston,* for the respondents.

The citizenship of Alfred R. Fiske, one of the plaintiffs, he being a citizen of Pennsylvania, forbids the removal; since, in order to it, all the plaintiffs must be citizens of the state in which the suit is brought. 1 U. S. Stats. at Large, 79.

Jenckes, a citizen of Rhode Island, having had an interest in the mortgage, which he took, as charged in our bill, with full knowledge of our lien by attachment, is a proper party to the bill; Story, Eq. Pl. § 190; and his joinder equally forbids the removal sought.

AMES, C. J. It is true, as suggested by the counsel for the petitioner, that this court has, under the constitution and laws of the United States, no discretion to forbid one entitled to the jurisdiction of the courts of the United States to remove his cause thither. Our discretion, which is judicial merely, is confined to the ascertainment and declaration of his right to the jurisdiction; that being ascertained, the right to remove follows as a matter of course.

Two objections are made by the plaintiffs to this bill to the

change of jurisdiction invoked by the defendants, Charles T. James and wife; 1st, that Fiske, a party plaintiff, is a citizen of Pennsylvania; and, 2d, that Jenckes, a party defendant, is a citizen of Rhode Island; whereas, by the well-established rule in construction of the 12th section of the Judiciary Act of the United States, all the plaintiffs must, in order to removal, be citizens of the state in whose court the suit is brought, and all the defendants be aliens, or citizens of some other state or states of the United States. *Strawbridge* v. *Curtis,* 3 Cranch, 267; *Ward* v. *Arredondo,* 1 Paine, 410; *Goodyear* v. *Day,* 1 Blatchf. 565. To the first objection it is replied, that Fiske was not a necessary party plaintiff to the bill, as the bill itself shows; since the court might and would have given the same relief if the bill had been brought by Gardner alone, without joining his copartners, for whom he purchased at the sheriff's sale in trust. This reply, it will be perceived, assumes, that if this bill might have been sustained in the courts of the United States by Gardner alone, without his *cestuis,* it is now to be treated, for the purpose of removal, precisely as if he had not joined them as co-plaintiffs. We see no just ground for this assumption. Undoubtedly, mere formal parties, or unnecessary parties, such as are entitled to no decree as plaintiffs, or against whom no decree can be rendered, as defendants, are not to be treated as parties, though joined, upon the question of removal. If they were, the jurisdiction of the courts of the United States might be evaded in numerous cases proper to it. But this is as far as any case which we have seen has gone, and as far as we think any case ought to go. "The criterion," says Mr. Justice Thompson, "as decided in *Wormley* v. *Wormley,* 8 Wheat. 451, by which it is determined whether a party is nominal or not, is whether a decree is sought against him." *Ward* v. *Arredondo,* 1 Paine, 412, 413, and see *Livermore & others* v. *Jenckes & others,* 11 Howard (N. Y.) Pract. Rep. 479. Beside indispensable parties to bills, there is a class of parties, who, although their interests are so separable from those of others that even if they were not before the court the court might do complete justice to those who were before it, are, nevertheless, entitled to join in suits commenced to assert the joint interest, and to have their

rights adjudicated in them. With regard to such parties, the courts of the United States, before the statute of February 28, 1839, allowed plaintiffs to dispense with them for the purpose of assuming jurisdiction, and especially where they could not be served as defendants; and the statute, so far as equity cases are concerned, seems to be nothing more than a legislative affirmance of previous decisions upon this subject. *Shields et al.* v. *Barrows,* 17 How. 130, 139–142, and cases cited. But though such parties need not be joined, yet where entitled or subject to a decree, they certainly may properly be joined; and if they are, no court is entitled, against their will, to dismiss them, or to treat them, for the purposes of jurisdiction, as if they were not parties to the suit. They have a right to a decree, and have sought it in the proper manner, and in the proper place, where they can have it; and it would be cold justice to turn them over to a tribunal which cannot give it to them, — whose very jurisdiction must depend upon dismissing them from a bill, under which, according to the principles of equity, they are entitled to relief as parties.

Precisely such a party as this, appears to us to be the plaintiff, Fiske. He was a member of the firm of Thurston, Gardner & Co., the plaintiffs in the execution levied upon the land in question, and therefore interested in the result of that levy. It was quite proper that when Gardner, another member of the firm, bid in the land levied on, he should do so for the common interest, and hold the purchase for the common benefit. This the bill asserts that he did; and Fiske, as well as the other members of the firm, is therefore properly joined in the suit, as a plaintiff, to assert their joint rights acquired by the levy, and to participate in the decree here sought. It is not for this court, or for any court, to treat a party who properly pursues his remedy, and who is, so far as shown, entitled to a decree, as if he were no party; or to deny to him his lawful remedy where he has chosen to have it, and where alone, in the accustomed manner, he can have it.

As the presence of the plaintiff, Fiske, as a party to this bill, is fatal to this petition, it is unnecessary to consider the other objection to removal, in the joinder of the defendant, Jenckes. The petition must be dismissed, with costs.