# New York Marine Court.

*Special Term—September* 29, 1879.

## ALICE M. BARROWCLIFFE *against* LA CAISSE GENERALE DES ASSURANCES AGRICOLES ET DES ASSURANCE CONTRE L'INCENDIE.

An action pending in a State court against an alien defendant cannot be removed into the United States circuit court for trial, under the acts of Congress, upon the ground of such alienage, if the plaintiff be also an alien.

For the purposes of Federal cognizance, a corporation created under the laws of the Republic of France is an alien.

Motion to remove action to United States circuit court.

*Wm. Barnes*, for plaintiff.

*W. B. Nassau*, for defendant.

McADAM, J.—The defendant, upon a verified petition setting forth that the action is brought to recover $1,505.55 upon a policy of fire insurance ; that the plaintiff is a subject of the Queen of Great Britain ; that the defendant is a corporation created under the laws of the Republic of France, and that the matters in dispute arise under the laws of the United States— seeks to remove the action into the United States circuit court for trial, pursuant to the acts of Congress authorizing such a transfer in certain specified cases, wherein the defendant is an alien ( *U. S. Rev. Stat.* §§ 639, 640).

The defendant is to be regarded, for the purpose of Federal jurisdiction, as if it were a natural person and a citizen of the Republic of France, under whose laws it was created (Rimple *v.* Delaware & R. Canal Co., 14 *How. U. S.* 1, 80 ; *Id.* 446 ; *Id.* 468 ; Marshall *v.* Baltimore & Ohio R. R. Co., 16 *Id.* 314 ; Stevens *v.* Phenix Ins. Co., 41 *N. Y.* 149 ; Barney *v.* Globe Bank, 2 *Am. Law Reg. N. S.* 221).

The defendant is therefore an alien within the meaning of section 639, *supra.* The difficulty the defendant has to contend with is that the plaintiff is also an alien, and it has been held that the courts of the United States have not jurisdiction of suits between aliens, but only where an alien or aliens constitute one party and a citizen or citizens the other (Mossman *v.* Higginson, 4 *Dall.* 12 ; Martilet *v.* Murray, 4 *Cranch*, 46 ; Hodgson *v.* Bousback, 5 *Id.* 303 ; Hard *v.* Aredonde, 1 *Paine*, 410 ; Dennistown *v.* New York & New Haven R. R. Co., 1 *Hill.* 65 ; Galvin *v.* Boutwell,

9 *Blatchf. C. Ct.* 470), and that actions between aliens cannot be transferred by and from the State courts, on the sole ground of alienism.

The petition is also defective in not alleging facts which show the case to be one of Federal cognizance. It should have been stated how and in what manner the matters in dispute arise under the laws of the United States (*Dillon on Removal of Causes*, 64) ; for the plaintiff's complaint, standing alone, does not indicate that any such question can possibly arise in reference to any of the matters therein alleged.

The motion to remove the action to the United States circuit court will therefore be denied with $10 costs.